488 A.2d 63

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Logan Warren McLAUGHLIN.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1984.

Filed Feb. 1, 1985.

616

Frederick J. Ammerman, Assistant District Attorney, Clearfield, for Commonwealth, appellant.

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

In this case the Commonwealth appeals from a lower court order discharging appellee from custody.

This case has a long and tortuous history. Logan Warren McLaughlin was indicted September 25, 1972 on a general charge of murder stemming from the slaying of his wife. On December 20, 1973, appellee entered a plea of guilty to a charge of second degree murder pursuant to a plea bargain. The court accepted the plea and on March 20, 1975, Mr. McLaughlin was sentenced to ten to twenty years in a state correctional institution.

Appellee appealed the entry of the guilty plea and the Supreme Court reversed the judgment of sentence and remanded the case with instructions that appellee be permitted to withdraw his guilty plea. *Commonwealth v. McLaughlin*, 469 Pa. 407, 366 A.2d 238 (1976). The plea was withdrawn and on February 8, 1977, appellee had a jury trial on a general charge of murder. On February 12, 1977, the jury found appellee guilty of second degree murder. He was sentenced to ten to twenty years in the state correctional institution at Rockview.

Mr. McLaughlin once again appealed and once again the Supreme Court reversed the judgment of sentence and remanded the case for a new trial. *Commonwealth v. McLaughlin*, 485 Pa. 267, 401 A.2d 1139 (1979).

Following the Supreme Court's remand, the District Attorney of Blair County replaced the District Attorney of Clearfield County as the Commonwealth's representative in this case. This move was prompted by the initial decision in *Commonwealth v. Miller*, 281 Pa.Super. 392, 422 A.2d 525 (1980). Prior to the commencement of appellee's second trial, the Commonwealth filed several petitions for extension of time for the commencement of trial. The initial petition was filed September 18, 1979,[1] and was granted on

1. Pa.R.Crim.P.Rule 1100(e)(2) provides:
 (e)(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred twenty (120) days after the

September 28, 1979. This grant extended time through November 30, 1979. A November 16, 1979, petition was also granted extending time through the last day of February, 1980. A third petition for extension was timely filed on February 28, 1980, and a hearing on this petition was scheduled for March 15, 1980.

At the March 15, 1980 hearing, defense counsel, Richard H. Milgrub, the Public Defender of Clearfield County, requested permission to withdraw from the case. The Clearfield County public defender likewise claimed a conflict of interest as defined in *Commonwealth v. Miller, supra.*

■ Following an extensive on-record colloquy between the court, prosecutor, defense counsel and defendnt, the request to withdraw as counsel was granted. In its colloquy, the lower court directed Mr. Milgrub to secure substitute counsel for appellee, then and now indigent.[2] The court then advised Mr. McLaughlin that the need to obtain and prepare new counsel would necessarily cause a delay, and that this delay would be attributed to him and not to the Commonwealth for purposes of Rule 1100. It is undisputed that throughout the colloquy appellee demonstrated both understanding and acquiescence. Upon conclusion of the colloquy, the lower court tabled the Commonwealth's outstanding petition for extension along with appellee's pro se petitions seeking dismissal under Rule 1100 and recusal of the trial court. The case was then continued until such time as new counsel indicated his readiness to proceed with the case. No further petitions for extension were filed by the Commonwealth and no formal entry of appearance by counsel was ever made on behalf of Mr. McLaughlin.

On December 1, 1980, the case was called for jury selection and the lower court also heard testimony regarding

appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket. The new trial was granted by the Supreme Court on May 30, 1979, the expiration of the original 120 days for a new trial would have occurred on or about September 27, 1979.

2. We do not condone this practice; in our opinion the lower court itself should have appointed substitute counsel.

appellee's outstanding motions tabled because of counsel's withdrawal.[3] The lower court denied appellee's petition seeking recusal on December 1, 1980 and on December 2, 1980, also denied the petition seeking dismissal. The case proceeded to trial and on December 5, 1980, the jury found Mr. McLaughlin guilty of second degree murder. Post-trial motions were argued before the court on October 15, 1982. On March 29, 1983, the lower court granted appellee's motion in arrest of judgment and discharged Mr. McLaughlin from custody. The lower court based its order and discharge on an alleged violation of Rule 1100.

The Commonwealth contends that the lower court erred in finding a Rule 1100 violation. The Commonwealth advances alternative theories to support its contention. First the Commonwealth asserts that appellee was not entitled to relief under Rule 1100 since he waived his Rule 1100 rights at the March 15, 1980 hearing. Alternatively the Commonwealth claims that the lower court erred when it refused to exclude, for Rule 1100 computation purposes, the entire period of March 15, 1980 through December 1, 1980, as a period when either the defendant or his attorney was "unavailable" for trial. We reject both Commonwealth theories and affirm the order judgment of sentence of the lower court.

 On March 15, 1980, the trial court continued the case indefinitely so that new counsel could be appointed and become acquainted with the proceedings. No date was ever set for the expiration of the continuance.[4] In *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), the

---

3. At the December 1, 1980, hearing appellee was represented by John Woodcock, Jr., Esq., the Public Defender for Blair County.

4. The Commonwealth argues that it was impossible for the court to set a date for the expiration of the continuance. The Commonwealth asserts that there was too much uncertainty regarding how long it would take to appoint and prepare a new defense counsel. We are unpersuaded. Had the lower court picked even an arbitrary date, the appellee would have known the scope of his waiver and thus made an informed waiver. Further, had a dated continuance proved inadequate for either the Commonwealth or the defense in preparing their cases, further extensions or continuances were available.

Supreme Court announced that "... in the future we will require that continuances be granted for a specified time..." *Id.*, 477 Pa. at 406, 383 A.2d at 1271. Clearly, the continuance granted on March 15, 1980, violated this rule. The question before this Court, therefore, is what effect does this violation have on appellee's purported waiver of his Rule 1100 rights.

In *Commonwealth v. Hensley*, 295 Pa.Super. 225, 441 A.2d 431 (1982), a panel of this Court was faced with essentially the same issue. In *Hensley*, we cited the *Coleman* decision and concluded that the waiver in that case was defective because it failed to state the period of the continuance. However, we further held that the defect was later cured when the lower court advised the appellant on the record of his Rule 1100 right to a speedy trial *and* when the appellant agreed to a trial date during the first week of July.

■ Thus in *Hensley*, the defective waiver was cured when the parties agreed upon a date certain for the expiration of the waiver. In the instant case, although appellee was advised of his right to a speedy trial, he was never advised as to the duration of his forfeit of this right. In other words, the lower court's on record colloquy did not cure appellee's defective waiver. We hold that appellee did not make an informed waiver and that, therefore, the waiver was not valid. *See, Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983); *Commonwealth v. Zabala*, 310 Pa.Super. 301, 456 A.2d 622 (1983).

The Commonwealth's alternative argument is that the period of time from March 15, 1980 through December 2, 1980, should have been excluded for Rule 1100 purposes. In support of its argument the Commonwealth cites Pa.R. Crim.P.Rule 1100(d)(1), 42 Pa.C.S. At the time of this case, Rule 1100(d)(1) provided:

(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

The Commonwealth maintains that the delay from March 15, 1980 to December 2, 1980, was directly caused by the withdrawal of appellee's counsel and therefore should be excluded from a Rule 1100 computation. We disagree.

■ The Commonwealth is quite correct; the law is clear that any delay resulting from the appointment of new defense counsel is excludable time for Rule 1100 purposes. *Commonwealth v. Manley,* 503 Pa. 482, 469 A.2d 1042 (1983); *Commonwealth v. Chapman,* 271 Pa.Super. 473, 414 A.2d 352 (1979). However, in this case that delay accounts for only a portion of the period in question.

■ The record of this case contains various items of correspondence between appellee and his counsels. One letter[5] reveals that as early as May 8, 1980, new counsel, one John Woodcock, Jr., had been appointed for appellee. Another letter,[6] from Mr. Woodcock to Mr. Milgrub dated August 28, 1980, clearly indicates that Mr. Woodcock was prepared for trial; more importantly, the letter reveals that the district attorney was aware of defense counsel's readiness. As stated earlier, on March 15, 1980, the lower court continued the case until such time as newly appointed defense counsel indicated his readiness to proceed. After reviewing the record, this Court concludes that the delay caused by the appointment of a new defense counsel lasted only from March 15, 1980 to no later than August 28, 1980. Therefore, only this period of time was excludable under Rule 1100(d)(1).

Toward the end of August, 1980, the Commonwealth was on notice that the continuance had expired and that Rule 1100 was once again running against it. At this point the Commonwealth could have either attempted to resurrect its petition for extension, which had been left undisposed of when defense counsel withdrew on March 15, 1980, or it could have filed a new petition for extension. It chose to do neither.

5. *See* Appendix A, pages 623–624.
6. *See* Appendix A, pages 623–624.

 There is some indication that the Commonwealth may not have been able to bring the appellee to trial in the Fall of 1980 due to a trial scheduling difficulty.[7] It is well settled that judicial delay is not excludable time under Rule 1100. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). However, the law is equally well settled that judicial delay may justify the granting of a petition for extension of time. *Commonwealth v. Ellison*, 249 Pa.Super. 339, 378 A.2d 325 (1977). Thus, here again, the Commonwealth failed to protect its interests by filing for an extension.

██ We conclude that the Commonwealth has failed to prove that all periods of delay beyond the 120 day mandatory period were either excludable from computation or were justified by an order granting an extension. The period of time between August 28, 1980 and December 2, 1980, remains unaccounted for.

Logan Warren McLaughlin's Rule 1100 right to a speedy trial was violated; accordingly, we affirm the order of the lower court discharging him from custody.

Order affirmed.

## APPENDIX A

May 8, 1980

Mr. Logan McLaughlin

No. K2224

Box A

Bellefonte, PA 16823

Dear Logan:

Sorry for the delay but I have another attorney to represent you. His name is John Woodcock and he is Public Defender of Blair County. He is an attorney with many years of experience and I think he will be able to provide you with an excellent defense. I am preparing to gather all the papers and have them forwarded to Mr. Woodcock and all future

7. *See* Appendix A, pages 623–625.

correspondence should be sent directly to him. His address is John Woodcock, Public Defender of Blair County, Blair County Courthouse, Hollidaysburg, PA 16648.

Sincerely yours,
/s/ Richard H. Milgrub
Richard H. Milgrub

August 28, 1980

Mr. Richard H. Milgrub
Public Defender
Clearfield County
231 East Market Street
Clearfield, PA 16830

Re: Logan W. McLaughlin

Dear Mr. Milgrub:

Please be advised that I have gone over the file which you sent me. I have been ready to proceed with this case, but talked to Walter F. Wall, Assistant District Attorney, and he advises that it could not be until after the first of the year.

We will be starting Criminal Court on the 2nd of September and will be ending September 19th. Any time after that will be okay with me.

Very truly yours,
/s/ John Woodcock, Jr. (mlb)
John Woodcock, Jr.
Public Defender

July 21, 1980

Mr. Logan McLaughlin
No. K–2224
Box A
Bellefonte, PA 16823

Dear Mr. McLaughlin:

I have been appointed to represent you and as soon as the case is scheduled, I will be seeing you. It seems there are certain time brackets, due to conflicts of counsel in court

term is hard to arrange. I want to get up to see you one of these days, but my vacation comes up on July 26, 1980 and I won't be able to see you until after July 8, 1980.

Very truly yours,
/s/ John Woodcock, Jr. (mlb)
John Woodcock, Jr.
Public Defender