## Commonwealth v. Wesloskie

*Anthony J. Rosini, assistant district attorney,* for the Commonwealth.

*James J. Rosini,* for defendant.

KREHEL, *P.J.*, July 10, 1985 — Before the court is defendant's motion to dismiss for an alleged violation of Pa.R.Crim.P. 1100. This is a case of first impression due to the district attorney's acceptance and implementation of a new waiver to Rule 1100 while defendant awaits the disposition of an applica-

tion for admission to the Accelerated Rehabilitative Disposition (ARD) program.

On October 1, 1984, a complaint was filed and defendant was charged with driving under the influence, section 3731 of the Act of January 14, 1983, no. 289, and reckless driving, 75 Pa.C.S. §3714.

On January 4, 1985, defendant, with the presence of counsel, applied to the district attorney's office for admission into the ARD program. The Rule 1100 waiver was attached to said application and states:

"I am aware of my right to a trial within 180 days of filing of the complaint and that the filing of this request will cause a delay in the processing of these charges against me. I waive my right to a trial within 180 days of the filing of the complaint. I agree that the Commonwealth will be under no duty to bring me to trial while my request is being processed and that the Commonwealth will be under no obligation to file any petitions for extension of time to commence trial. If my request is denied, the Commonwealth will bring me to trial as soon as practicable, but not later than the second regularly scheduled term of criminal court, thereafter."

Pa.R.Crim.P. 1100(d)(2) is the specific subsection referred to by the Commonwealth in this case. It states:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom:

"(2) Any period of time for which the defendant expressly waives Rule 1100.

Defendant challenges the new waiver on two grounds. First, he contends that the waiver does not adequately inform him of the period of time for which he is waiving his rights. To support this argument, defendant cities Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978), which states

that ". . . continuance be granted for a specified time . . ." 477 Pa. at 406, 383 A.2d 1271. Defendant's second contention is that the waiver itself does not adequately inform defendant of his rights under Rule 1100. Commonwealth v. McLaughlin, 338 Pa. Super. 615, 488 A.2d 63 (1985), and Commonwealth v. Knupp, 340 Pa. Super. 304, 490 A.2d 1 (1985), were cited to support defendant's contention that the waiver, to be valid, must be an intelligent and informed waiver of defendant's rights.

The Commonwealth first introduced two exhibits into evidence. The first was the complaint which was dated October 1, 1984. The time under Rule 1100 would have run on March 30, 1985. The second exhibit was defendant's ARD application with the waiver signed by defendant and his counsel.

The Commonwealth contends that the cases cited by defendant are distinguishable. In Knupp, defendant was applying for ARD, but at the time of the filing of the application for ARD, defendant was not represented by counsel, there was no counsel present and that his rights under Rule 1100 were never explained to him. Therefore, it was impossible for defendant to make an informed and intelligent waiver of his rights.

In both Coleman and McLaughlin, there was no application to the ARD program involved and there were untimely filed continuances, not waivers as in the present matter.

This court is compelled by the Commonwealth's arguments. Defendant, while applying for ARD had the benefit and resources of counsel. Not only did defendant sign the waiver of Rule 1100, but his counsel did also. To assume counsel was lax in his duties to adequately inform his client of the rights being waived by applying for ARD, is to assume that counsel was ineffective in representing his client.

This court never assumes that counsel is ineffective.

The Commonwealth asserts that the new waiver does give a time certain. It tells defendant that if he is rejected by the ARD program, he will be brought to trial as soon as practicable, but no later than the second regularly scheduled term of court. The period of time being waived is only that time in which the ARD application is being processed. It is not within the Commonwealth's power to give a defendant a time within which his application for ARD will be processed by adult probation, as done in this county. The workload of the probation office is overwhelming and they do their job to the best of their ability. To ask any more of them is to ask the impossible. The time period given leaves defendant with a waiver that states a time certain. It is not open-ended, and is distinguishable from this court's opinion in Commonwealth v. Bator, Northumberland County, Criminal Division, no. 84-308, filed July 5, 1985.

The ARD program is to benefit defendant in the adjudication of his case. It is used to defendant's advantage and sanctions defendant as required by society while allowing his/her life to continue without significant change. The Commonwealth's hands are tied during the processing of the ARD application and should be under no obligation to proceed any further until some disposition has been made by probation.

The new waiver of Rule 1100 attached to the application for admission into the ARD program is a valid waiver of defendant's rights.

Accordingly, this court enters the following

ORDER

And now, this July 10, 1985, defendant's petition to dismiss is denied.