**Dr. Neyton BALTODANO, Plaintiff and Appellant,**

v.

**NORTH CENTRAL HEALTH SERVICES, INC., Defendant and Appellee.**

**Nos. 18168, 18191.**

Supreme Court of South Dakota.

Argued Oct. 5, 1993.

Decided Dec. 1, 1993.

Leo Disburg, McCann, Martin & McCann, P.C., Brookings, for plaintiff and appellant.

Thomas E. Brady, Richards, Hood, Brady & Nies, P.C., Spearfish, for defendant and appellee.

WUEST, Justice.

Baltodano appeals from the circuit court's grant of motion for directed verdict in favor of North Central. We affirm.

### FACTS

Dr. Neyton Baltodano (Baltodano) is a physician. From September 1983 until June 1, 1987, Baltodano was a member of the medical staff at Kingsbury County Memorial Hospital (KCMH) in Lake Preston, South Dakota, and also saw patients at a clinic at Arlington, South Dakota. Both facilities were owned and operated by North Central Health Services (North Central). In June

1987, Baltodano briefly left South Dakota to take a medical school research position. In June 1988, he returned to a staff position at KCMH under a Gross Income Loan Guarantee agreement with North Central. In June 1989, North Central closed KCMH. Shortly thereafter, Baltodano closed his Lake Preston/Arlington practice.

Baltodano filed suit against North Central, seeking damages for breach of contract and bad faith. Specifically, Baltodano alleged that at the time he was considering his return to South Dakota, North Central knew or should have known that KCMH was in imminent danger of closing, and failed to inform Baltodano of that fact. North Central filed a counterclaim against Baltodano, alleging that Baltodano owed North Central over $20,-000.00 under the Gross Income Loan Guarantee. Prior to trial, North Central's motion for summary judgment was granted, and Baltodano was ordered to pay North Central the amount sought in its counterclaim, plus interest, a sum totalling over $29,000.00.

At trial, Baltodano presented evidence on his behalf. At the close of Baltodano's case, North Central moved for a directed verdict. The court granted this motion, holding that Baltodano had presented no credible evidence that could have created a duty on the part of North Central to disclose the KCMH financial situation. Baltodano appeals.

### DISCUSSION

Before reaching the issues raised by Baltodano, we address the nature of our review of the trial court's grant of the motion for directed verdict when no transcript of the trial was obtained by the Appellant Baltodano. The record reveals that judgment on the motion for directed verdict was entered on October 13, 1992. Baltodano filed a notice of appeal on December 14, 1992, complying with the sixty-day time period allowed for taking an appeal. SDCL 15–26A–6. On December 24, 1992, Baltodano filed a request for partial transcript. SDCL 15–26A–48. However, Baltodano neglected to comply with the statutory requirement that "service of the order [for transcript] be made on all parties to the action[.]" SDCL 15–26A–48. Specifically, Baltodano failed to serve the order on the

defendant North Central. North Central presented a motion to this court for an order determining that Baltodano's right to order a transcript had been waived. SDCL 15–26A–49. Baltodano failed to respond to this motion. After consideration, this court ordered that Baltodano's right to order a transcript was waived.

■ We have stated that "the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant." *Pearson v. Adams,* 279 N.W.2d 674, 676 (S.D.1979). "Failure to timely order a transcript constitutes a waiver of the right to a transcript." SDCL 15–26A–49; *Reed v. Heath,* 383 N.W.2d 873, 874 (S.D.1986). Where an appellant waives the right to a transcript by failing to order it, the only review which can take place "is a review of that portion of the record which was before the circuit court." *Hawkins v. Peterson,* 474 N.W.2d 90, 92–93 (S.D.1991). Where the record contains no transcript, the record on appeal is confined to those pleadings and papers transmitted from the circuit court. *Reed,* 383 N.W.2d at 874 (citing *Pearson,* 279 N.W.2d at 676; *Caneva v. Miners & Merchants Bank,* 335 N.W.2d 339, 342 (S.D. 1983)).

■ As there is no transcript, Baltodano attempts to present his version of facts for our review, urging reliance upon SDCL 15–26A–54 which states in part:

If . . . a transcript is unavailable, the appellant may, within fifteen days after service of the notice of appeal, prepare a statement of the proceedings from the best available means, including his recollection, and file a written notice of intention to file such a statement with the clerk of the Supreme Court and with the clerk of the trial court. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within fifteen days after service[.]

SDCL 15–26A–54. This statute does not apply to the situation in this case. In the present case, a transcript was available. Baltodano simply neglected to follow the correct procedure to timely order a transcript.

■ As there is no transcript, we note our previous statement that "When confronted with incomplete records, our presumption is that the circuit court acted properly." *In re C.M.*, 417 N.W.2d 887, 889 (S.D.1988).

■ Additionally, in this case, we are asked to review the circuit court's grant of a motion for directed verdict. We have previously set forth our considerations in evaluating the grant of such a motion:

A motion for a directed verdict under SDCL 15–6–50(a) questions the legal sufficiency of the evidence to sustain a verdict against the moving party. *Nelson v. Schroeder Aerosports, Inc.*, 280 N.W.2d 107, 108 (S.D.1979). Upon such a motion, the trial court must determine whether there is any substantial evidence to sustain the action. *Smith v. Halverson*, 273 N.W.2d 146, 149 (S.D.1978). The evidence must be accepted which is most favorable to the nonmoving party and the trial court must indulge all legitimate inferences therefrom in his favor. *Weber v. Bernard*, 349 N.W.2d 51, 53 (S.D.1984). If sufficient evidence exists so that reasonable minds could differ, a directed verdict is not appropriate. *Cox v. Brookings Int'l Life Ins. Co.*, 331 N.W.2d 299, 300 (S.D.1983). *The trial court's decisions and rulings on such motions are presumed correct and this Court will not seek reasons to reverse. Lytle v. Morgan*, 270 N.W.2d 359, 360 (S.D.1978).

*Sabag v. Continental South Dakota*, 374 N.W.2d 349, 355 (S.D.1985) (emphasis added). Further, we note that the evidence to be considered on a motion for directed verdict is that which was presented at trial. We are not concerned here with the sufficiency of the allegations in the pleadings as would be the case if the circuit court had granted a motion for judgment on the pleadings pursuant to SDCL 15–6–12(c); nor will we consider materials found in affidavits or depositions, as on a motion for summary judgment pursuant to SDCL 15–6–56.

■ Thus, Baltodano is faced with two presumptions—the first being that on a directed verdict motion, we presume that the trial court acted correctly. *Sabag*, 374 N.W.2d at 355. Second, when we are confronted with incomplete records—in this case, the lack of a trial transcript showing the testimony heard by the trial court—we presume that the circuit court acted properly. *C.M.*, 417 N.W.2d at 889. Baltodano must overcome both of these presumptions before we can reverse the judgment of the trial court. We believe that Baltodano's inability to overcome these presumptions is dispositive of this case, and affirm the trial court on this basis alone.

The judgment is affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.