1999 SD 40

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Byron Irwin STEPNER, Defendant and Appellee.**

No. 20385.

Supreme Court of South Dakota.

Considered on Briefs Dec. 3, 1998.

Decided March 31, 1999.

Mark Barnett, Attorney General, Constance K. Nilles, Assistant Attorney General, Pierre, for plaintiff and appellant.

Keith A. Goehring, Parkston, for defendant and appellee.

MILLER, Chief Justice.

[¶ 1.] The State appeals the dismissal of controlled substance charges against Byron Stepner for violation of the "180 day rule." *See* SDCL 23A–44–5.1.[1] We reverse and remand.

---

1. SDCL 23A–44–5.1, the so called "180 day rule," requires trial of a criminal case within 180 days of a defendant's first appearance before a judicial officer on an indictment, information or complaint. The rule also specifies certain periods of time that are to be excluded from calculation of the 180 days.

## FACTS

[¶ 2.] In June 1996, Stepner and his wife were indicted for various controlled substance offenses. Stepner was indicted on one count each of possession of controlled substances, possession of marijuana, possession of drug paraphernalia and keeping a place for the sale or use of controlled substances.

[¶ 3.] Both Stepner and his wife were originally represented by attorney Tim James who attempted to negotiate a plea agreement on their behalf. However, as time passed, conflicts developed between Stepner, his wife and James. Stepner's wife retained her own attorney and James eventually sought to withdraw from the case. His withdrawal was finally permitted in January 1997 when Stepner's current counsel was appointed. The following constitutes a chronology of the other pertinent events in this matter:

6/17/96   Stepner's first appearance before a judicial officer on the indictment.

9/9/96   Stepner's arraignment before Circuit Judge Caldwell. Stepner's counsel requests a trial after the first of the year and states he is authorized to waive Stepner's rights under the 180 day rule. Judge Caldwell declines counsel's request and sets the trial for December 4 and 5.

11/19/96   Stepner's counsel notifies the prosecutor he intends to file a motion to withdraw.

11/20/96   Judge Caldwell hears a motion for a continuance and for waiver of the 180 day rule. She further advises Stepner of his rights under the 180 day rule and requests a waiver of those rights because of his intention to change counsel. Stepner gives an unqualified waiver of his rights under the 180 day rule.

11/26/96   Stepner's counsel files his motion to withdraw.

12/14/96   The original 180 day time limit for trial expires.

12/18/96   Judge Caldwell conducts a hearing on the motion of Stepner's counsel to withdraw. She gives Stepner two weeks to hire a new attorney and indicates that, because of the problems getting the case to trial, there should be no 180 day problem. She also states that as soon as Stepner gets a new attorney she will have him execute a waiver of Stepner's rights under the 180 day rule. Although the judge mentions a possible February trial date, at the prosecutor's request, she sets the trial for March 20 and 21 or, alternatively, for the end of April.

12/24/96   Judge Caldwell enters an order giving Stepner until January 2, 1997 to retain a new attorney and to have his counsel file a waiver of his rights under the 180 day rule.[2]

1/6/97   Stepner's current counsel is appointed.

1/13/97   Judge Caldwell enters an order granting Stepner's original counsel leave to withdraw.

3/17/97   Stepner files numerous pretrial motions including a motion to dismiss for violation of the 180 day rule.

6/16/97   Stepner files an affidavit for a change of judge.

6/25/97   Stepner files additional pretrial motions and a second motion to dismiss for violation of the 180 day rule.

7/9/97   The presiding judge of the circuit, enters an order granting Stepner's request for a change of judge and excluding the delay caused by changing judges from the 180 day period.

7/15/97   The presiding judge appoints Judge Tappe to preside over the case.

8/25/97   Judge Tappe conducts a motions hearing including a hearing on the motions to dismiss for violation of the 180 day rule.

---

**2.**   Apparently, no written waiver was ever filed as it does not appear in the record.

12/5/97 Judge Tappe enters findings of fact, conclusions of law and an order dismissing the case for violation of the 180 day rule.

[¶4.] The State appeals the dismissal of the charges against Stepner.

## ISSUE ONE

[¶5.] **The transcript of the November 20, 1996 pretrial hearing was properly before this Court.**

■ [¶6.] Stepner raises a preliminary issue regarding the record. SDCL 15–26A–48 provides:

> *Within ten days after the filing of the notice of appeal,* the appellant shall order from the reporter(s) transcript(s) [*sic.*] of the proceedings or such parts thereof as deemed necessary. The order shall be in writing on the form prescribed by the Supreme Court, and within the same period service of the order shall be made on all parties to the action and a copy shall be filed with the clerk of the circuit court. (emphasis added).

[¶7.] Despite the fact a partial transcript of the November 20, 1996 hearing is contained in the file, the record fails to reflect that the State ordered this transcript after filing its notice of appeal. Therefore, Stepner argues the transcript is not appropriately a part of the appellate record. In support of his argument, he relies on our holding in *Baltodano v. North Cent. Health Services,* 508 N.W.2d 892, 894 (S.D.1993) that, "[w]here an appellant waives the right to a transcript by failing to order it, the only review which can take place 'is a review of that portion of the record which was before the circuit court.'" (quoting *Hawkins v. Peterson,* 474 N.W.2d 90, 92–93 (S.D.1991)).

[¶8.] Stepner's reliance on *Baltodano* is misplaced. In *Baltodano,* there was no transcript of the trial court proceedings contained in the record and the appellant was attempting to present his version of the facts through a statement of proceedings permitted when a transcript is "unavailable." *See*

SDCL 15–26A–54.[3] We rejected that attempt on the basis that the transcript *was* available, but was waived by the appellant's failure to order it. *See* SDCL 15–26A–49 (right to transcript waived by failure to order it within time specified).

[¶9.] Here, despite the State's failure to order the transcript, it *is* contained in the record. It even appears it was in the record before the trial court entered its dismissal order because Judge Tappe's findings and conclusions make reference to matters discussed during the November 20 hearing at which he was not present. Clearly, the transcript was in the record when the clerk prepared the index on January 27, 1998 because it was included in her certification. *See* SDCL 15–26A–53.[4] January 27 was only one day after the State filed its notice of appeal. Therefore, since it was already part of the record there was no need for the State to order the transcript after filing its notice of appeal as SDCL 15–26A–48 would normally require.

[¶10.] Stepner additionally contends the transcript should not be considered part of the record because it is analogous to a deposition that has not been introduced as evidence. *See e.g. Spenner v. City of Sioux Falls,* 1998 SD 56, ¶9, 580 N.W.2d 606, 610 (deposition testimony not introduced into evidence stricken from settled record). We find this contention equally unpersuasive.

## ISSUE TWO

[¶11.] **The trial court erred in granting Stepner's motion to dismiss.**

■ [¶12.] The trial court calculated that the original 180 days for trial of this case expired on December 14, 1996. However, due to the delay caused by Stepner's change of counsel, the trial court excluded the forty-eight days between November 19, 1996 and January 6, 1997 from the 180 day calculation. This left a 180 day expiration date of January 31, 1997. Since Stepner was not brought to

3. SDCL 15–26A–54 provides in pertinent part:
   If ... a transcript is unavailable, the appellant may, within fifteen days after service of the notice of appeal, prepare a statement of the proceedings from the best available means including his recollection[.]

4. SDCL 15–26A–53 outlines the duty of the clerk to assemble and certify the contents of the record on appeal.

trial by January 31, the trial court dismissed the charges. The State argues the trial court erred and we agree.

[¶ 13.] The trial court's calculations ignore Stepner's waiver of his rights under the 180 day rule. During the hearing before Judge Caldwell on November 20, 1996, the following exchange took place concerning the 180 day rule:

MR. ROTH [*i.e.*, the State's Attorney]: Your Honor, can I bring up one matter? I have concern about the 180–day rule, and I would like to have something on record about the waiver of that by the defendants. I think it's important that this is not going to be held against the State.

THE COURT: Right.

MR. DER HAGOPIAN [*i.e.*, counsel to Stepner's wife]: Judge, that's certainly appropriate, and I think I have it in my written motion, and I would certainly state it for the record now.

Well, actually, you haven't allowed Mr. James [*i.e.*, Stepner's original counsel] to withdraw, as I recall, but I'm assuming you have. I filed a notice of appearance. I waived the 180 days on her behalf, as far as any delays caused by these additional motions.

MR. ROTH: I would like to hear that from Mr. Stepner as well, to consent to that.

THE COURT: I'm going to ask both of the defendants, and I'm going to need this in writing also, but for the record, you need to understand that you have a right to have your case heard within 180 days. That's a constitutional right to a speedy trial.

Now, because of changing lawyers, being out of state at this time when we have this hearing, your case is being delayed and it's basically through no fault of the prosecution. And so in order to continue to proceed at this pace, we need to have both defendants agree that their case can take longer than 180 days.

Do you understand that, Paula [*i.e.*, Stepner's wife]?

DEFENDANT PAULA STEPNER: Yes.

THE COURT: And are you willing to waive your right to a speedy trial at this time?

DEFENDANT PAULA STEPNER: Yes.

THE COURT: And, Byron, do you understand what I'm saying here?

DEFENDANT BYRON STEPNER: Yes, Ma'am.

THE COURT: All right. And you agree to waive your right to a speedy trial?

DEFENDANT BYRON STEPNER: Yes, Ma'am, I do.

THE COURT: All right. And at this time, Mr. James represents you, does he not, Mr. Stepner?

DEFENDANT BYRON STEPNER: Yes, at this time.

THE COURT: All right. So I'm going to ask Mr. James on behalf of Mr. Stepner, and Mr. Der Hagopian on behalf of Mrs. Stepner, to have them sign a document waiving the 180–day rule, and then I will sign an Order that you prepare, ordering the 180–day rule has been waived.

MR. DER HAGOPIAN: Very good.

MR. JAMES: Okay, Your Honor.

[¶ 14.] This discussion reflects that Stepner was advised of his rights under the 180 day rule and that he gave an informed, voluntary and open ended waiver of those rights.

[¶ 15.] Judge Tappe later found the waiver uninformed, involuntary and ineffective because neither the consequences nor the duration of the waiver were explained to Stepner. There are two flaws in this finding. First, it is clearly erroneous. *See State v. Pellegrino,* 1998 SD 39, ¶ 23, 577 N.W.2d 590, 599 (findings of fact on 180 day issue reviewed under clearly erroneous standard). The above exchange establishes the consequences of the waiver *were* explained to Stepner when he was told the prosecution of his case would take longer than the 180 days required by the rule. Second, we have never required any particular formalities, including advice as to a specific duration, to establish an informed and voluntary waiver of the 180 day rule. *See State v. Beynon,* 484 N.W.2d 898, 902 (S.D.1992); *State v. Martin,* 493 N.W.2d 223, 226 (S.D.1992)(no formal requirements for valid waiver of 180 day rule).

[¶ 16.] Judge Tappe also found difficulty in accepting Stepner's waiver of the 180 day rule because no written order was filed approving the waiver pursuant to SDCL 23A–44–5.1(4)(b):

(4) The following periods shall be *excluded* in computing the time for trial:

* * *

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel provided it is approved by the court *and a written order filed.* A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent [.] (emphasis added).

This provision, however, along with the other subdivisions of SDCL 23A–44–5.1(4), only *excludes* certain periods of delay from the 180 day calculation. It has no applicability where, as here, a defendant *waives* his rights under the 180 day rule. *See State v. Webb,* 539 N.W.2d 92, 96—97 (S.D.1995)(Exclusion of time from the 180 day calculation and waiver of 180 day rule viewed as separate issues). As previously noted, we require no particular formalities for such a waiver. *See Beynon, supra; Martin, supra.*

[¶ 17.] Based upon the foregoing, we accept the State's argument that Stepner's unqualified waiver of his rights under the 180 day rule on November 20, 1996 remained effective until his reassertion of those rights with the filing of his motion to dismiss for violation of the 180 day rule on March 17, 1997. That motion, along with a number of other pretrial motions, remained undisposed of until the trial court's entry of its order of dismissal on December 5, 1997. All of the delay in disposing of these motions is excluded from the 180 day calculation pursuant to SDCL 23A–44–5.1:

(4) The following periods shall be excluded in computing the time for trial:

(a) ... the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A–8–3[.]

[¶ 18.] Based upon Stepner's waiver of the 180 day rule and the exclusion of time for disposition of his pretrial motions, we conclude that, at the time the trial court dismissed this matter, twenty-four days still remained out of the original 180 days allowed for trial (*i.e.,* 180 minus the 156 days between June 17 and November 20, 1996). Accordingly, the trial court erred in granting Stepner's motion to dismiss.

[¶ 19.] Reversed and remanded.

[¶ 20.]KONENKAMP and GILBERTSON, Justices, concur.

[¶ 21.] AMUNDSON, Justice, concurs in part and dissents in part.

[¶ 22.] SABERS, Justice, dissents.

AMUNDSON, Justice, concurring in part and dissenting in part.

[¶ 23.] I dissent on issue two.

[¶ 24.] The trial court determined the original 180–day period for trial expired on December 14, 1996. However, due to the delay caused by Stepner's change of counsel, forty-eight days were excluded from November 19, 1996 (the date original counsel announced his intention to withdraw) through January 6, 1997 (the date of appointment of Stepner's current counsel). Thus, the expiration date for the 180–day period became January 31, 1997. Since Stepner was not brought to trial by January 31, 1997, the trial court dismissed the charges for violation of the 180–day rule.

[¶ 25.] At the outset, the exclusion of the forty-eight days was appropriate, since a change of counsel constitutes good cause for delay under SDCL 23A–44–5.1(4)(f). *See State v. Webb,* 539 N.W.2d 92, 95 (S.D.1995) (holding the period of delay from the time of attorney's motion to withdraw until time when alternate counsel is retained is to be excluded from 180–day computation).[5] However, State contends it was entitled to addi-

5. Actually, in this case, the State gained even more benefit than it was entitled to under *Webb. Webb* allows only the time from an attorney's motion to withdraw until his replacement to be excluded from the 180–day calculation. In this case that was only forty-one days. Here, the trial court allowed the forty-eight days from the attorney's announcement of his intention to file a motion to withdraw to the date of his replacement to be excluded.

tional exclusions based upon Stepner's waiver of the 180–day rule during the hearing on November 20, 1996.

[¶ 26.] "It is settled that a defendant may waive the 180–day rule, but this Court has held that '[t]he burden is on the state to show any waiver was the product of an informed and voluntary decision.'" *State v. Bahm*, 494 N.W.2d 177, 178 (S.D.1992) (quoting *State v. Martin*, 493 N.W.2d 223, 226 (S.D.1992); *State v. Beynon*, 484 N.W.2d 898, 902 (S.D.1992)). Thus, the question becomes whether Stepner's open-ended waiver of his statutory right to a speedy trial was an informed and voluntary decision.

[¶ 27.] Pennsylvania, a state whose 180–day precedents this Court has consistently followed,[6] has held that to make an "informed" waiver of the right to a speedy trial, defendant must be given advice as to the duration of his forfeiture of the right. *Commonwealth v. McLaughlin*, 338 Pa.Super. 615, 488 A.2d 63, 66 (1985). In *McLaughlin*, the Pennsylvania Supreme Court stated:

> [A]lthough [defendant] was advised of his right to a speedy trial, he was never advised as to the duration of his forfeit of this right. In other words, the lower court's on record colloquy did not cure [defendant's]

defective waiver. We hold that [defendant] did not make an informed waiver and that, therefore, the waiver was not valid.

488 A.2d at 66 (citing *Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983); *Commonwealth v. Zabala*, 310 Pa.Super. 301, 456 A.2d 622 (1983)). *See also Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268, 1271 (1978) (continuances should only be granted for specified time periods in order to avoid a problem in calculating 180–day violations). Consistent with the approach of the Pennsylvania courts, this Court has previously condemned determinations of good cause for enlargement of the 180–day period that are left open-ended. In *State v. Kerkhove*, 423 N.W.2d 160, 164 (S.D.1988), this Court urged trial courts that, in excluding time from the 180–day period, they should, "avoid the 'carte blanche' type permission giving the state, [e.g.], 'the time necessary to dispose of all criminal charges and related issues including trial.'"

[¶ 28.] The trial court failed to advise Stepner as to the duration of his forfeiture regarding his statutory rights to a speedy trial. Based on the foregoing, it is clear that such failure resulted in an uninformed and consequently invalid waiver of the 180–day rule.[7]

---

**6.** *See Martin*, 493 N.W.2d at 226 (in *Beynon*, Court looked to Pennsylvania for guidance concerning 180–day rule); *Beynon*, 484 N.W.2d at 902 ("We have previously looked to Pennsylvania case law for guidance regarding the 180–day rule."). *See also State v. Cross*, 468 N.W.2d 419, 420 (S.D.1991); *State v. Tiedeman*, 433 N.W.2d 237, 239 (S.D.1988).

**7.** A review of the trial court's findings, which show defendant was present at the hearing regarding his attorney's motion for withdrawal, reveals findings which are clearly not in error based on this record. *See* the trial court's following findings:

> 7. November 18, 1996, later changed to November 20, 1996, had been set as the date for the Court to accept the guilty pleas of Byron and Paula Stepner (who is Byron's wife, who was charged with committing the same offenses as Byron, who hereinafter will be referred to as Paula).

> 8. Neither Byron nor Paula pled guilty at the November 20, 1996, hearing. The issue of Mr. James' withdrawal as counsel for Byron was not finally decided at that hearing, but other issues were discussed, such as the issue of the 180–day prosecution rule, as codified at SDCL 23A–44–5.1. That issue was

discussed even though Mr. James previously had informed the prosecuting attorney and presumably the Court that he desired to withdraw as Byron's attorney.

> 9. By the time of the November 20, 1996, hearing, Mr. James was representing Byron only in a technical sense and for all practical purposes Byron was unrepresented at that hearing.

> 10. At the November 20, 1996, hearing, the Court simply explained to Byron that he had a right to have his case heard within 180 days and asked Byron if he understood what she was saying. Byron replied that he so understood. The court then asked Byron if he agreed to waive his right to a speedy trial. Byron replied: "Yes, ma'am, I do."

> 11. There is nothing in the record showing that the consequences of Byron's waiver of the 180–day prosecution rule were ever explained to him, and there is nothing in the record showing that Byron was advised of just how much time the waiver encompassed.

> 12. Byron did not make an informed and voluntary decision with regard to his statement to the Court that yes, he agreed to waive his right to trial within 180 days, pursuant to SDCL 23A–44–5.1.

At a minimum, Stepner should have been informed that, if he intended to proceed with a change of counsel, the case would be continued until such time as his replacement counsel indicated readiness to proceed and that such time would be excluded from calculation of the 180–day period. *See McLaughlin*, 488 A.2d at 65. Provided with such a warning, Stepner could then have made an informed decision as to whether to retain his original counsel and proceed immediately to trial or to change counsel and wait for his new attorney to prepare for the case. Instead, Stepner was merely informed of his 180–day right to a trial and that a change of counsel would require waiver, but with no specificity as to an end date of such a waiver.

[¶ 29.] Once Stepner has met his burden of establishing the passage of 180 days between the date of appearance and date of trial, the burden shifts to the State to establish good cause for the delay. *State v. Cooper*, 421 N.W.2d 67, 71 (S.D.1988). At the formal hearing on Stepner's motion for change of counsel, the trial court discussed the necessity of rescheduling the trial and indicated the possibility of holding the trial as early as February 1997. However, the State objected to the February trial date, stating:

> I think, you know, my dilemma with my tax season, unfortunately January is pretty well filled up, I have a trial coming up in early January, and then after that I have a—I'm going to be gone, tentatively gone, for a week. So I'm shot in January. And February is just impossible for me. March is going to be just about the soonest, which is still tough for me but I think I can manage. March or April. Either sometime in the middle of March or late April, that is what I would request[.]

[¶ 30.] Does the fact that the prosecution objected in light of inconvenient scheduling constitute good cause? *See State v. Kordonowy*, 523 N.W.2d 556, 558 (S.D.1994) (mere congestion in magistrate court docket does not establish good cause); *Cooper*, 421 N.W.2d at 71 (delay attributable to court scheduling problems did not constitute good cause). I would hold it does not. Are we requiring different standards as to what establishes good cause depending on which party requests it? Again, I reply we should not.

[¶ 31.] I would, once again, follow the lead of the Pennsylvania Courts and reject the concept of open-ended waivers of the 180–day rule. I would affirm the trial court's dismissal of charges for violation of the 180–day rule.

SABERS, Justice, dissenting.

[¶ 32.] I join Justice Amundson's dissent and would affirm the trial court in all respects.