2001 SD 53

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Brian COREY, Defendant and Appellant.**

**No. 21567.**

Supreme Court of South Dakota.

Argued Jan. 11, 2001.

Decided April 25, 2001.

---

Mark Barnett, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, SD, Attorneys for plaintiff and appellee.

John C. Wiles of Wiles, Rylance & Holgerson, Watertown, SD, Attorneys for defendant and appellant.

AMUNDSON, Justice.

[¶ 1.] Brian Corey (Corey) was convicted of first degree robbery after a jury trial. Corey appeals based on numerous issues. We affirm.

## FACTS

[¶ 2.] On June 20, 1999, at approximately 10:40 p.m., Kim Strohschein Nigg (Nigg), the manager of the local Pizza Ranch restaurant in Watertown, South Dakota, was robbed at gunpoint in a nearby parking lot. According to Nigg's testimony, her assailant approached her from an adjacent alley, pointed a gun near her face, and demanded her purse. Nigg gave him her purse and her assailant fled the area on foot. Nigg then called police at a nearby convenience store.

[¶ 3.] Nigg described the assailant as male, 5'9" to 6' tall, and approximately 170 lbs. Due to the time of night and the assailant's use of a mask, Nigg was unable to give a detailed physical description of her attacker. According to her report to police, however, Nigg recounted that her assailant vocally demanded her to "Give me the money" or something to that effect.

[¶ 4.] On June 21, the next day, Corey, a former employee of Pizza Ranch who was fired by Nigg, entered the restaurant and approached the counter to ask Nigg a question as to the status of the pizza buffet. Upon immediately recognizing Corey's voice with that of her attacker, Nigg proceeded to her office to call police. Corey left the restaurant before police arrived. Nigg's husband, who happened to witness this encounter, observed Corey flee the area, but was able to describe the vehicle in which Corey was travelling. Police pulled Corey's vehicle over and subsequently found a firearm, which Nigg later testified was the weapon used in the commission of the robbery.

[¶ 5.] After a three-day trial, the jury rendered a verdict of guilty on the armed robbery charge. Corey was sentenced to eight years on that charge. Corey appeals raising the following issues:

1) Whether there was sufficient evidence to identify Corey as the robber;

2) Whether the trial court erred in not suppressing Corey's statements to police;

3) Whether the trial court erred in limiting the expert's testimony;

4) Whether Corey is entitled to a new trial due to alleged prosecutorial misconduct during closing argument;

5) Whether evidence was sufficient to support Corey's conviction.

## ISSUE 1

[¶ 6.] **Whether there was sufficient evidence to identify Corey as the robber.**

[¶ 7.] When Nigg identified Corey's voice in court, Corey failed to object. Corey's claim of unreliability of this voice identification came when the State rested its case and upon a motion for new trial.

[¶ 8.] Corey argues on appeal that the trial court abused its discretion in denying his post-trial Motion to Set Aside the Verdict and for Judgment of Acquittal. State argues Corey has not preserved the identification issue for appeal. State relies on the fact that Corey failed to place in the record transcripts of all relevant proceedings as required by SDCL 15–26A–49. *See also State v. Stepner*, 1999 SD 40, ¶ 8, 590 N.W.2d 905, 907. If the appellate record is incomplete, this Court presumes

that the trial court acted correctly. *Baltodano v. North Central Health Services, Inc.*, 508 N.W.2d 892, 895 (S.D.1993). In addition, Corey did not file a pretrial motion to suppress the voice identification. A motion to suppress must be brought prior to trial. *State v. Hofman*, 1997 SD 51, ¶ 10, 562 N.W.2d 898, 901–02; *see also* SDCL 23A–8–3(4).

 [¶ 9.] Furthermore, the record contains no decision by the trial court regarding suppression or admission on the identification evidence. The burden of producing a ruling rests upon the party desiring it, and if that party permits the trial court to proceed to judgment without action on his motion or objection, the issue is waived. *Jameson v. Jameson*, 1999 SD 129, ¶ 25, 600 N.W.2d 577, 583. A defendant in a criminal case must give the trial court the opportunity to make a ruling on an issue before it will be reviewed on appeal. *State v. Lachowitzer*, 314 N.W.2d 307, 309 (S.D.1982).

 [¶ 10.] In conclusion, based on the dearth of effort to preserve this issue for a meaningful appellate review, this Court finds the issue has been waived.[1]

## ISSUE 2

[¶ 11.] **Whether the trial court erred in failing to suppress Corey's statements to police.**

 [¶ 12.] Corey argues that his statements he made to police during inter-

views on June 21, 1999 were inadmissible because they were involuntary. Corey has failed to preserve this issue for appeal as he has failed to provide a transcript of the suppression hearing. It is the obligation of the defendant to request a transcript of all relevant proceedings. *Stepner, supra,* ¶ 8. Without such transcript this Court has no record to review the voluntariness of the statements made to police. As such, this Court presumes that the trial court acted correctly. *Baltodano, supra,* at 895. This issue is also waived for Corey did not object to admission of his statements at trial. *State v. Gallipo*, 460 N.W.2d 739, 743 (S.D.1990). Therefore, we do not address the merits of Corey's claim.

## ISSUE 3

[¶ 13.] **Whether the trial court erred in limiting the expert's testimony.**

 [¶ 14.] In his confession to police, Corey made statements to police that sometimes he is a dragon and sometimes a wolf, and depending on which one he was that night he could determine whether he committed the robbery. Corey asserts that the trial court erred in limiting the testimony of his psychologist, Dr. Buri (Buri). The trial court allowed Buri to testify about his observations of Corey during treatment in order to assist the jury in understanding why Corey made

---

1. If we were to address the merits, we would find Corey's request to this Court to "please review" the Nigg's voice identification under our decision in *State v. Loftus*, 1997 SD 131, 573 N.W.2d 167, to be without merit. Corey argues that the witness' voice identification is unreliable, but fails to present a record showing why it was derived from an impermissibly suggestive identification procedure employed by the State, which resulted in an irreparable identification.

Before this Court will analyze the five factors enunciated in *Loftus* to determine whether an identification is admissible, a defendant must show that the pre-trial identification was "impermissibly suggestive," and based on the totality of the circumstances, the trial court abused its discretion "to allow the in-court

identification." *Loftus, supra,* ¶ 18. Based on the record before us, Corey has failed to prove that the voice identification made by Nigg was the product of "improper State motive or influence." The issue in this case is not whether the victim could testify as to recognizing the voice, but whether her testimony regarding this voice identification was credible. Defense counsel was given the opportunity to vigorously cross-examine the witness on this point and to argue the lack of the credibility of the witness' voice identification to the jury. The jury obviously found against Corey on this credibility determination. This Court chooses not to accept Corey's invitation to act as the 13th juror and substitute our judgment for the jury. *City of Bridgewater v. Morris, Inc.*, 1999 SD 64, 594 N.W.2d 712.

such statements to police. The trial court also allowed Buri to testify as to the reliability of Corey's statements to law enforcement. The State, however, moved to restrict Buri's testimony to exclude any mention of Corey's state of mind. The trial court granted the motion, as Corey did not plead insanity, nor was it relevant to competency, as that had already been determined; thus Corey's state of mind was irrelevant.

[¶ 15.] A trial court has broad discretion concerning the qualifications of an expert and the admissibility of expert testimony, and it will not be reversed on appeal without a clear showing that it abused its discretion. *State v. Koepsell*, 508 N.W.2d 591, 593 (S.D.1993); *State v. Spaans*, 455 N.W.2d 596, 598–99 (S.D. 1990). It is also true that as a general rule, expert testimony regarding credibility is inadmissible. *McCafferty v. Solem*, 449 N.W.2d 590, 592 (S.D.1989) (reversed on other grounds). The fundamental test for admission of expert testimony, however, is whether it will assist the jury in resolving the factual issues before it. *Koepsell, supra.*

[¶ 16.] The trial court correctly limited Buri's testimony to the reliability of Corey's statements. *Id.* Corey argues that Buri should have been allowed to also testify to Corey's frame of mind during the police interviews and explain why Corey resorted to role-playing games as a way to protect himself. Corey set out no scientific basis for the proposed testimony. In fact, Corey could not point to any psychological tests that would make Buri's testimony credible or reliable for these extended purposes.[2] The limit placed on Buri's testimony by the trial

court was within its discretion. The additional testimony may have added confusion rather than making things clearer for the jury. As such, the trial court did not err by limiting Buri's testimony.

## ISSUE 4

[¶ 17.] **Whether Corey is entitled to a new trial due to alleged prosecutorial misconduct during closing argument.**

[¶ 18.] Corey claims that the State committed prosecutorial misconduct in the rebuttal phase of its closing argument. The statement made by the State complained of by Corey is "[w]e don't know what his involvement was in that robbery, if he had anything to do with it or not." The statement implies that Corey's friend may have conspired to commit this crime. Corey objected to the statement because the State asserted facts not in the record. The trial court sustained the objection, and the State did not make further reference to the questionable role Corey's friend may have played in executing this crime. Corey did not make a motion for mistrial, or to strike that statement from the record. Only upon a motion for new trial does he now seek remedial action for the State's improper statement.

[¶ 19.] The standard of review for prosecutorial misconduct is the abuse of discretion standard. *State v. Lee*, 1999 SD 81, ¶ 21, 599 N.W.2d 630, 634; *State v. Knecht*, 1997 SD 53, ¶ 17, 563 N.W.2d 413, 420. As a threshold, however, Corey must cite relevant authority before this Court will consider granting relief. If no relevant authority is cited, the issue is deemed waived. *State v. Pellegrino*, 1998 SD 39, ¶ 22, 577 N.W.2d 590, 599. No such authority has been provided by Corey for the

2. This is the test set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), a case which was adopted by this Court in *State v. Hofer*, 512 N.W.2d 482 (S.D.1994). After the adoption of the *Daubert* test, general acceptance in the scientific community is no longer required. *State v. Moeller*, 1996 SD 60, ¶ 52, 548 N.W.2d 465, 479. The trial judge must

simply determine "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* Pertinent evidence based on scientifically valid principles will satisfy those demands. *Id.* (citing *Hofer*, 512 N.W.2d at 484) (citing *Daubert*, 509 U.S. at 597, 113 S.Ct. at 2799). Corey failed to make an offer of proof of reliability as required by *Hofer* and its progeny.

proposition that prosecutorial misconduct has been grounds for a new trial or judgment of acquittal. Likewise, due to the harmless nature of such statement, the rule of "plain error" is inapplicable. The trial court, by sustaining the objection, and admonishing the jury via a limiting instruction, cured any prejudice caused by such statements. Corey absolutely fails to point to any error committed by the trial court or any resulting prejudice. Moreover, the issue is waived and does not rise to the level of "plain error."

 [¶ 20.] We have considered the other issue and determine that it need not be addressed except to say the evidence was sufficient.

[¶ 21.] Affirmed.[3]

[¶ 22.] MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, concur.

---

3. At oral argument, counsel for Corey represented that the record included transcripts of the Grand Jury proceeding and post-trial hearings. The settled record contains only the transcript of the trial. In the future, defense counsel should make sure the record contains what he represents it does.