STATE of South Dakota, Plaintiff and Appellee,

v.

Barry L. WEBB, Defendant and Appellant.

No. 18872.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1995.

Reassigned Aug. 3, 1995.

Decided Nov. 1, 1995.

Mark Barnett, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, for plaintiff and appellee.

Edward G. Albright, Office of Public Defender, for Pennington County, Rapid City, for defendant and appellant.

PER CURIAM.

Barry L. Webb (Webb) appeals his conviction of third offense DUI, claiming the 180–day rule was violated, his bond should not have been forfeited, and his driving privileges should not have been revoked. We affirm.

## FACTS

Webb made his first appearance in magistrate court on October 8, 1993, on charges of driving or control of a motor vehicle while under the influence of alcohol or, in the alternative, while having 0.10 percent or more alcohol in his blood (third offense), in violation of SDCL 32–23–4. The facts of this case which are most significant concern the chronology of the proceedings as they relate to the 180–day rule (SDCL 23A–44–5.1) and the circumstances surrounding the withdrawal of Webb's original attorney, Randal Connelly.

Following Webb's arraignment in circuit court, Webb's attorney filed pretrial motions which were considered by the trial court at a hearing on January 20, 1994 (which was not transcribed). According to Connelly, although Webb was not present at the January 20 hearing, Connelly "clearly confirmed to the Court and counsel his intention to waive the 180–day Rule and Speedy Trial requirements and provide the Court with documentation thereof[.]" Webb and attorney Connelly spoke in the courthouse parking lot after this hearing, at which time Connelly advised Webb that the trial had been scheduled for March 22, 1994. According to Connelly, Webb agreed to sign a written waiver concerning the 180–day rule. However, despite several attempts to contact Webb by telephone and letter to arrange for him to sign the document, Webb did not execute the waiver. In fact, Webb did not have *any* contact with his attorney after January 20. On March 15, 1994, seven days prior to trial, Connelly filed a motion to withdraw based on a lack of contact by Webb since the January 20 hearing and a potential conflict of interest. Connelly served the state's attorney with this motion, but only sent a letter to Webb to notify him of his intention to withdraw.

On March 16, a status hearing was scheduled by Connelly, and held the following day before Judge Tice. Neither Webb nor Connelly was present at the hearing, and the record does not indicate that Webb was provided any kind of notice of the hearing by the court or his attorney. At this hastily scheduled hearing, Judge Tice issued an order for a bench warrant for Webb's arrest based on his failure to appear at the hearing.

On March 22, Webb appeared at the courthouse for his trial, but was advised by Judge Tice's secretary, Susan Dennis, that the trial had been cancelled. Ms. Dennis and a friend of Webb's both would later testify that Webb was at the courthouse on the morning of March 22, 1994 for his trial. Judge Tice signed an order allowing Connelly to withdraw as counsel on March 24, and it was filed on March 25. Webb was arrested pursuant to the bench warrant on April 25, 1994, and the public defender's office was appointed to represent him.

Trial was eventually set for June 29, 1994. In representing Webb, the public defender's office filed pretrial motions, including a motion to dismiss the charges based on an alleged violation of SDCL 23A–44–5.1, the 180–day rule. In that motion it was alleged that 193 [1] days had elapsed since Webb's first appearance (taking into account the periods to be excluded according to statute) and that

1. This figure was later corrected to reflect that 197 days had actually elapsed, according to defense counsel's calculations.

Webb had not at any time waived his right to trial within 180 days. The trial court eventually denied his motion to dismiss, ruling that Webb had waived his right to speedy prosecution when attorney Connelly so stated at the January 20 hearing. For the convenience of the reader, the chronology of the events is summarized below:

| | |
|---|---|
| 10/08/93 | first appearance in magistrate court |
| 11/08/93 | preliminary hearing originally scheduled; continued at request of Webb |
| 12/07/93 | rescheduled preliminary hearing; Webb waived hearing |
| 01/06/94 | Webb arraigned in circuit court |
| 01/18/94 | Webb's pretrial motions filed |
| 01/20/94 | hearing on pretrial motions; motions withdrawn; attorney Connelly requested delayed trial date and waived 180 day rule; trial date set for March 22, 1994 |
| 03/15/94 | Attorney Connelly filed motion to withdraw |
| 03/17/94 | status hearing at which bench warrant was issued |
| 03/22/94 | originally scheduled trial date; Webb appeared |
| 03/24/94 | order filed allowing withdrawal of attorney Connelly |
| 04/25/94 | Webb arrested on bench warrant |
| 05/17/94 | Webb's pretrial motions filed |
| 05/24/94 | hearing on pretrial motions; motions disposed of |
| 05/31/94 | Webb filed motion to dismiss based on 180 day rule |
| 06/08/94 | hearing on motion to dismiss |
| 06/29/94 | trial; motion to dismiss denied |
| 07/18/94 | findings and order denying motion to dismiss filed |

Following trial to a jury, Webb was convicted of driving or control of a vehicle while having 0.10% or more of alcohol in his blood. In sentencing Webb, the trial court imposed jail time, a fine, and other standard conditions. In addition, his driving privileges were revoked for 7 years.

## ISSUE

DID THE TRIAL COURT ERR IN DENYING WEBB'S MOTION TO DISMISS BASED ON SDCL 23A–44–5.1, THE 180–DAY RULE?

 Webb contends his case was not disposed of within 180 days as required by SDCL 23A–44–5.1,[2] taking into account those

**2.** SDCL 23A–44–5.1 provides, in relevant part:

(1) Every person indicted, informed or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as provided in this section.

\* \* \*

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A–8–3; motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel provided it is approved by the court and a written order filed. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent;

(c) The period of delay resulting from a continuance granted by the court at the request of the prosecuting attorney if the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date and provided a written order is filed;

(d) The period of delay resulting from the absence or unavailability of the defendant;

(e) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases the defendant shall be granted a severance so that he may be tried within the time limits applicable to him; and

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause. A motion for good cause need not be made within the one hundred eighty day period.

time periods excluded by the rule in the computation, and that he did not waive his right to have his prosecution completed within this time period. Initially, we note that the 180–day time period started on October 8, 1993 when Webb made his first appearance before the magistrate. *State v. Kordonowy*, 523 N.W.2d 556 (S.D.1994). Addressing the substance of the alleged violation of the 180–day rule, we conclude that Webb was tried within the 180–day period contemplated by SDCL 23A–44–5.1, and reject his claim.

■ In computing the time for trial, the 180–day rule requires exclusion of delay which is occasioned by defendant's conduct, such as delay caused by pretrial motions and certain continuances, a defendant's competency examination, and his escape or other unavailability. SDCL 23A–44–5.1(4). *See, e.g., Two Eagle v. Leapley*, 522 N.W.2d 765 (S.D.1994); *State v. Cross*, 468 N.W.2d 419 (S.D.1991). Webb properly excluded from his calculation those periods of time during which he had requested a continuance of his preliminary hearing and during which his pretrial motions were pending, amounting to 67 days. However, he did not exclude that period of delay caused by his unavailability.

The failure of a defendant to maintain contact with his attorney which necessitates the withdrawal of the attorney as counsel for defendant shortly before trial is plainly attributable to the defendant. "Clients must take some responsibility for inquiring into their affairs and cannot blindly rely upon legal counsel." *Midcontinent Broadcasting Co. v. Ava Corp.*, 329 N.W.2d 378, 380 (S.D. 1983) (citing *Smith v. Wordeman*, 59 S.D. 368, 240 N.W. 325 (1932)). Thus, the period of delay from the time of the attorney's motion to withdraw until the time when alternate counsel is retained or appointed (or the defendant chooses to proceed pro se) is to be excluded from the computation of the 180–day rule. The record shows that, at a minimum, Webb was unavailable for a period of 41 days, from March 15, 1994 (the date attorney Connelly filed his motion to withdraw) to April 25, 1994 (the date new counsel was appointed).

On March 15, 1994, seven days before the original trial date, Webb's original attorney filed a motion to withdraw as Webb's counsel. As one reason for his requested withdrawal, Connelly indicated "that the Defendant has failed to keep in contact with counsel and further, that counsel has been unable to reach the Defendant at the only address known to him." Later, when Webb filed a motion to dismiss all charges under the 180–day rule, Connelly submitted an affidavit that further described his difficulty in establishing contact with Webb prior to the March 22, 1994, trial date. The affidavit stated in pertinent part:

1. That [Connelly] was attorney of record on behalf of Barry Webb at the time of a status/motion hearing on January 20, 1994;

* * *

8. That following said meeting [Connelly] encountered Defendant, Barry Webb, in the courthouse parking lot and Defendant expressed his apologies for being late ...

9. That counsel and Defendant discussed the newly scheduled trial date along with the need for production of a witness to the events surrounding the arrest and detention of Defendant;

10. That Defendant indicated he would work on producing said witness[es] and further that he would make additional payment toward the previously agreed upon retainer for [Connelly's] services;

11. That later that day or very shortly thereafter [Connelly] and his secretary, Laura Maas, prepared the appropriate documents concerning waiver of the 180 Day Rule for Defendant's signature. Letters and phone calls were made advising and instructing Defendant to stop by [Connelly's] office to sign the Waiver of the 180 Day Rule. Defendant stated

(5) If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the defendant shall be entitled to a dismissal with prejudice of the offense charged and any other offense required by law to be joined with the offense charged.

on at least two occasions, that he would stop by to sign the Waiver, but failed to do so;

12. That from that point until approximately one week before trial, [Connelly] was advised by [his] secretary that [they] had received no responses or contact from or by [their] client as per [their] requests either in the form of written correspondence or telephone efforts to make contact with him;

13. That on Wednesday, March 16, 1994, [Connelly] contacted Judge Tice and advised him of the difficulty in communication or contact with or from Mr. Webb, whereupon Judge Tice very courteously advised he was willing to grant [Connelly] another day or two to await such contact by the Defendant;

14. That despite continued efforts by [Connelly's] secretary and [Connelly] no contact was made or had with Mr. Webb, whereupon [Connelly], as an officer of the court, accordingly advised Judge Tice in order to facilitate the Court's obvious need and interest in conserving and effectively utilizing the Court's time and resources;

15. That [Connelly] and his secretary continued efforts to contact Defendant after the generous deadline extended by the Court yet the same were to no avail in terms of success;

16. That [Connelly] subsequently withdrew as counsel for Defendant, Barry Webb. . . .

Further, at the March 17, 1994, hearing, held five days before the original trial date and prompted by Connelly's motion to withdraw, the trial court stated:

Let the record further reflect that the defendant is not present, that I have had communication from his counsel. Counsel has not had contact from his client that he has requested; that we have a trial scheduled for next week in this matter; that Mr. Connelly's expression to this Court was he's concerned relating to the inability to adequately proceed with that trial because of lack of cooperation with his client and his concern that he would not be effective counsel because of that lack of cooperation.

As noted earlier, following the March 17, 1994 hearing, the trial court issued a bench warrant for Webb's arrest and cancelled the March 22, 1994, trial.[3] Webb was arrested on the bench warrant on April 25, 1994, and the Pennington County Public Defender's Office was appointed to represent him.

■ The original trial date of March 22, 1994, fell within the 180–day period. There is nothing in the record to show the State or the trial court was unprepared or unwilling to adhere to this date. "This case reveals none of the prosecutorial abuse or ineffective scheduling practices the 180–day rule was intended to cure." *Two Eagle*, 522 N.W.2d at 769. Rather, it was Webb's failure to assist his attorney in preparing a defense that prompted the postponement of the trial and the issuance of a bench warrant on March 18, 1994. Where, as here, the delay in proceedings is attributable to the defendant's unavailability, the 180–day limit is tolled. SDCL 23A–44–5.1(4)(d). *See also Two Eagle*, 522 N.W.2d at 769 (under previous version of SDCL 23A–44–5.1, time defendant was sought on bench warrant was excluded from 180–day calculation).

From March 15, 1994, when Connelly's motion to withdraw was filed, to April 25, 1994, when Webb was arrested under the bench warrant, totals 41 days. This period of delay is attributable to Webb's unavailability and, pursuant to SDCL 23A–44–5.1(4)(d), this period is excluded from the 180–day computation. Subtracting this excluded time from the 197–day period Webb otherwise claims, Webb was brought to trial 156 days

---

**3.** We do not express any opinion as to whether Webb was provided adequate notice of the March 17, 1994 hearing or whether the bench warrant issued for his arrest was proper, as neither issue is dispositive to this case.

from his initial appearance. No violation of SDCL 23A–44–5.1 occurred. Because the trial took place within the statutory period, it is unnecessary to consider whether Webb waived his right to be tried within 180 days under SDCL 23A–44–5.1. We have considered Webb's remaining arguments and find them to be without merit.

Affirmed.

MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., and DOBBERPUHL, Circuit Judge, participating.

DOBBERPUHL, Circuit Judge, serving in the place of KONENKAMP, J., disqualified.