1999 SD 115
**STATE of South Dakota, Plaintiff and Appellant,**

**v.**

**Craig SPARKS, a/k/a, Philip M. Richman, Defendant and Appellee.**

**No. 20806.**

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided Aug. 25, 1999.

Mark Barnett, Attorney General, Sherri Sundem Wald, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellant.

No appearance for appellee.

KONENKAMP, Justice.

[¶ 1.] The State appeals the dismissal of charges against Craig Sparks for violation of the 180 day rule.[1] We reverse and remand.

### FACTS

[¶ 2.] After a traffic stop and search of his vehicle on March 29, 1997, Sparks was arrested for possession of stolen property, possession of a controlled substance and false personation. The State filed uniform complaints charging these offenses and Sparks made his first appearance before a magistrate judge on March 31. At that time, he applied for court appointed counsel and the Northern Hills Public Defender's Office was appointed to represent him. The following is a chronology of the subsequent events leading to the dismissal of the charges against him:

4–10–97   Sparks is indicted for: one count of commission of a felony while armed with a firearm; alternative counts of possession of a controlled drug or substance with intent to distribute and possession of a controlled drug or substance; one count of grand theft by possession of stolen property; one count of false personation; and one count of perjury.[2]

4–11–97   A part two habitual offender information is filed alleging Sparks has a prior felony conviction. The Northern Hills Public Defender's Office also files a motion to withdraw on the basis that Sparks intends to retain private counsel. The motion is granted on the same date.

5–8–97   Arraignment. Sparks appears with local counsel Bryce Flint and enters not guilty pleas. Flint indicates his appearance is limited and that Sparks has retained Oklahoma attorney C. Rabon Martin who intends to go through the process for pro hac vice admission in order to appear on Sparks' behalf. The trial court sets a motions hearing for June 5.

---

1. The 180 day rule requires a defendant to be brought to trial within 180 days of his first appearance before a judicial officer on an indictment, information or complaint. SDCL 23A–44–5.1.

2. The perjury count was related to Sparks' misrepresentation of his identity in applying for court appointed counsel.

6-5-97   Motions hearing. Sparks again appears with attorney Flint who advises that attorney Martin is completing the paperwork for pro hac vice admission. The trial court directly advises Sparks of his right to trial within 180 days and that his retention of out of state counsel is causing delay. The trial court further advises it will not count the time from the 6–5 hearing until a new hearing set for 6–26 as part of the 180 days. Sparks indicates he understands. The trial court instructs the State to prepare an order to that effect and the State agrees. No such order is ever filed.

6-6-97   Attorney Martin requests that a hearing set for June 25 be postponed until July 1 or July 7 for his traveling convenience. The State agrees and the hearing is eventually rescheduled for July 17.

7-1-97   Attorney Martin files his application for admission pro hac vice. Martin also files an extensive set of pretrial motions including various motions to dismiss and to suppress evidence seized after the traffic stop.

7-17-97   Motions hearing. Sparks appears with both attorneys Flint and Martin. Flint moves Martin's admission pro hac vice and admission is granted. The trial court then conducts an evidentiary hearing on the suppression motions. Trial is set for October 22 and 23.

9-27-97   **180 days after Sparks' first appearance.**

10-22-97   Hearing. The trial court orally grants the suppression motions and directs attorney Martin to prepare findings of fact, conclusions of law and an order suppressing evidence. Martin agrees to submit them. The trial court also advises that the State has ten days to appeal the suppression order and the sooner Martin gets his findings and conclusions in, the sooner the appeal period will run. There is also a plea bargain in which Sparks stipulates to his guilt on the perjury charge and pleads guilty to a simple assault charge in another file in exchange for the dismissal of the false personation charge and the part two information. However, the other charges in the indictment are to remain viable. Sparks is then adjudicated guilty of perjury and simple assault and sentencing is set for 12–4–97.

11-4-97   The State files a motion for the trial court to reconsider its order suppressing evidence.

11-18-97   The State files a motion for the trial court to reopen the suppression hearing to consider additional evidence. A hearing is set for 12–4–97.

12-4-97   Hearing on the motion to reconsider the suppression issue and reopen the hearing. The trial court states it intends to rely on its earlier ruling, but directs briefing on the issue. Sparks is also sentenced for perjury and simple assault.

12-5-97   Entry of a written judgment and sentence for perjury and simple assault. Also, Attorney Martin apparently files proposed findings of fact and conclusions of law and a proposed order suppressing evi-

dence, but they are never signed.

12–??–97 Additional briefs are exchanged on the suppression issue.

2–17–98 The trial court enters a letter decision granting the State's motion to reconsider the suppression order and reopen the suppression hearing.

3–9–98 The trial court sets a hearing on the State's motion to reopen and/or reconsider the suppression issue for 5–15–98.

5–14–98 The State files a motion for the trial court to consider a transcript of a police communication for purposes of its motion to reconsider the suppression issue.

5–15–98 Hearing on the motion to reopen and/or reconsider the suppression issue.

8–4–98 The trial court enters a letter decision permitting the State to reopen and reversing its earlier suppression order, but questioning whether the 180 day rule may have expired.

8–31–98 The trial court enters a letter decision finding the State's motions to reopen and/or reconsider did not fall within 180 days of Sparks' first appearance and failing to find good cause to "discount" a sufficient number of days to make the motions timely.

9–4–98 The trial court enters a formal order finding the State's motions to reopen and/or reconsider the suppression issue untimely under the 180 day rule.

11–4–98 **583 days after Sparks' first appearance.** The trial court enters an order "dismissing the action" for violation of the 180 day rule.

[¶ 3.] The State appeals.

ISSUE

[¶ 4.] **Did the trial court err in its dismissal of charges for violation of the 180 day rule?**

■ [¶ 5.] The State contends the trial court erred in its dismissal of charges for violation of the 180 day rule.[3] We review the determination of whether the 180 day period has expired as well as what constitutes good cause for delay under a de novo standard. *State v. Pellegrino*, 1998 SD 39, ¶ 23, 577 N.W.2d 590, 599; *State v. Fowler*, 1996 SD 79, ¶ 10, 552 N.W.2d 391, 393; *State v. Cooper*, 421 N.W.2d 67, 69 (S.D. 1988). Here, the trial court erred in its 180 day computations.

■ [¶ 6.] It is settled that "the period of delay from the time of [an] attorney's motion to withdraw until the time when alternate counsel is retained or appointed (or the defendant chooses to proceed pro se) is to be excluded from the computation of the 180–day rule." *State v. Webb*, 539 N.W.2d 92, 95 (S.D.1995). Here, Sparks' original counsel, the Northern Hills Public Defender's Office, filed a motion to withdraw on April 11, 1997. Although Sparks had already retained alternate counsel by that time, counsel was from out of state and could not officially appear on Sparks' behalf until approval of his motion to appear pro hac vice on July 17, 1997. In accord with the principles of *Webb, supra*, this entire ninety-seven day period of delay is attributable to Sparks and should have been excluded by the trial court in its computation of the 180 day period.

■ [¶ 7.] Also to be excluded from computation of the 180 days is, "the time from filing until *final disposition* of pretrial motions of the defendant[.]" SDCL 23A–44–5.1(4)(a)(emphasis added). Here, Sparks filed pretrial motions on July 1,

---

**3.** Sparks did not submit an appellate brief.

1997. Although his suppression motions were orally granted at a hearing on October 22, 1997, no written orders disposing of his motions were ever entered. It is settled that, "[o]rders are required to be in writing because the trial court may change its ruling before the order is signed and entered.[4] For this reason, unrecorded rulings on motions are ineffective and need not be considered at a later date." *State v. Lowther*, 434 N.W.2d 747, 752 (S.D.1989) (citations omitted)(footnote added). Since the oral orders disposing of Sparks' motions were ineffective, there was never a "final disposition" of the motions and the entire time after their filing should have been excluded from the 180 day computation.[5] Because this time overlaps with the time excluded for Sparks' change of counsel by 16 days, it adds only another 475 days to the time to be excluded from the 180 day period rather than the full 491 days between July 1, 1997 and November 4, 1998 (*i.e.*, the date of the dismissal of the charges).

[¶ 8.] Based upon these calculations, the trial court should have excluded a total of 572 days from its computation of the 180 days (*i.e.*, 97 + 475 = 572). Although 583 days actually passed from Sparks' first appearance through the dismissal of the charges against him, only eleven of those days counted against the 180 day period (*i.e.*, 583—572 = 11). Thus, at the time of the dismissal, 169 days remained for Sparks' trial (*i.e.*, 180—11 = 169). It follows that the trial court erred in its dismissal of charges for violation of the 180 day rule.

[¶ 9.] Reversed and remanded.

[¶ 10.] MILLER, Chief Justice, AMUNDSON and GILBERTSON, Justices, concur.

[¶ 11.] SABERS, Justice, concurs in result.

---

4. This case aptly demonstrates that fact.

5. Although Sparks eventually submitted proposed findings and conclusions and a proposed order on the suppression issue, when the trial court failed to act on his proposals,

SABERS, Justice (concurring in result).

[¶ 12.] I concur in result as I would reverse and expedite.

the burden of demanding entry of a written order remained with Sparks. *See State v. Sickler*, 334 N.W.2d 677, 679 (S.D.1983)(burden of demanding ruling rests upon party desiring it).