#24029-rev-PER CURIAM
**2007 SD 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellee,

v.

WAMBDI SAPA SEABOY,                                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JON S. FLEMMER
Judge

* * * *

LAWRENCE E. LONG
Attorney General

KATIE L. HANSEN
Assistant Attorney General                    Attorneys for plaintiff
Pierre, South Dakota                          and appellee.

GREGORY J. GARVEY                             Attorney for defendant
Agency Village, South Dakota                  and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2007

OPINION FILED 3/7/07

[¶1.]        Wambdi Seaboy appeals the circuit court's denial of his motion to dismiss for failure to timely bring his case to trial under our 180-day rule.  We reverse.

[¶2.]        Seaboy was charged with first-degree burglary and simple assault for entering a house and "punch[ing] the victim in the face while he was sleeping."  On July 12, 2005, Seaboy made his initial appearance.  On July 26, 2005, he appeared before a magistrate judge for a preliminary hearing represented by his court-appointed attorney Kerry Cameron.  Seaboy was bound over for trial, and the magistrate judge requested attorney Cameron to schedule an arraignment with the clerk's office.  On August 24, 2005, Seaboy appeared for the scheduled arraignment in circuit court with a new attorney, Gregory Garvey.  There is no record of a motion to withdraw by Cameron or notice of appearance by Garvey.  All that is reflected is that Seaboy appeared for his scheduled arraignment with new counsel.

[¶3.]        On December 22, 2005, Seaboy filed motions contesting the circuit court's jurisdiction and requesting a furlough to attend alcohol treatment.  On that same day, Seaboy indicated he would like to withdraw the motion contesting jurisdiction.  An order noting the withdrawal of the jurisdictional challenge and denying the furlough was filed seven days later on December 29, 2005.

[¶4.]        On January 13, 2006, Seaboy moved to dismiss contending that he would not be brought to trial within 180-days of his first appearance.  At the hearing on the motion, the State argued that through informal discussion Seaboy

"passed" on a trial date in December. Seaboy's counsel disputed this argument.[1] The State also argued that court calendar congestion was good cause for the delay. The circuit court denied the motion for different reasons and entered conforming findings of fact. The circuit court found that good cause existed for a delay of twenty-nine days (the time between the preliminary hearing and arraignment) as a result of Seaboy's change of counsel. The court also found that good cause existed for a delay of seven days as a result of Seaboy's pretrial motions.

[¶5.]        Seaboy filed two subsequent motions. On February 6, 2006, three days before trial, Seaboy filed a motion to sever. On the day of trial, Seaboy filed a motion to excise the audio from a videotape being offered as an exhibit. Trial commenced on February 9, 2006. At the start of the trial, Seaboy's counsel asked the court to reconsider its 180-day rule decision, arguing there was no showing that Seaboy's change of counsel delayed this matter as the scheduled arraignment was conducted with new counsel. The request to reconsider was not granted. Seaboy was ultimately convicted, and he now appeals claiming a violation of the 180-day rule.

[¶6.]        "The 180-day rule requires a defendant to be brought to trial within 180-days of his first appearance before a judicial officer on an indictment, information or complaint." State v. Cottrill, 2003 SD 38, ¶ 5, 660 NW2d 624, 627 (citations omitted). "A [circuit] court's findings of fact on the issue of the 180-day rule are reviewed using the clearly erroneous rule." Id. ¶ 6 (citing State v. Pellegrino, 1998 SD 39, ¶ 23, 577 NW2d 590, 599). "However, this Court reviews

---

1.    There were no findings concerning this dispute and this argument has not
      been advanced on appeal.

the determination of whether the 180 day period has expired as well as what constitutes good cause for delay under a de novo standard." *Id.* (citation omitted).

[¶7.]        SDCL 23A-44-5.1, commonly referred to as the 180-day rule, provides in relevant part:

> (1)    Every person indicted, informed, or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as provided in this section.
>
> (2)    Such one-hundred-eighty-day period shall commence to run from the date the defendant has first appeared before a judicial officer on an indictment, information or complaint.
>
> * * *
>
> (4)    The following periods shall be excluded in computing the time for trial:
>
> (a)    The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; *the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A-8-3[2]*; motions for a change of venue; and the time consumed in the trial of other charges against the defendant;
>
> * * *
>
> (f)    *Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.* A motion for good cause need not be made within the one-hundred-eighty-day period.

---

2.    SDCL 23A-8-3 (Rule 12(b)) governs defenses and objections that must be raised prior to trial.

> > > (5) If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the defendant shall be entitled to a dismissal with prejudice of the offense charged and any other offense required by law to be joined with the offense charged.

(Emphasis added.)

[¶8.] Seaboy first appeared on July 12, 2005, and trial commenced on February 9, 2006. Therefore, not counting exclusions, the trial did not commence until 212 days after Seaboy's first appearance.[3] However, two types of exclusions in this rule are at issue. "[T]he 180-day rule requires exclusion of delay which is occasioned by defendant's conduct, such as delay caused by pretrial motions and certain continuances." State v. Webb, 539 NW2d 92, 95 (SD 1995). Additionally, "the period of delay from the time of the attorney's motion to withdraw until the time when alternate counsel is retained or appointed (or the defendant chooses to proceed pro se) is to be excluded from the computation of the 180-day rule." Id.

[¶9.] The first type of exclusion involves "the time *from filing until final disposition* of pretrial motions of the defendant."[4] SDCL 23A-44-5.1(4)(a) (emphasis added). Seaboy's December 22, 2005 motions contesting jurisdiction and requesting a furlough were denied by order entered on December 29, 2005. Therefore, there is

---

3. SDCL 23A-41-1 governs the computation of time in criminal proceedings. That statute provides that the first day of the designated act shall not be included in the computation and the last day shall be included unless it is a Saturday, Sunday or legal holiday.

4. It is settled law that for final disposition, "[o]rders are required to be in writing because the trial court may change its ruling before the order is signed and entered." State v. Sparks, 1999 SD 115, ¶ 7, 600 NW2d 550, 554 (recognizing oral rulings do not finally dispose of motions under the 180-day rule).

no dispute that Seaboy's motions required an exclusion of seven days.

[¶10.] Seaboy filed two additional motions: a motion to sever and a motion to excise the audio from a videotape. Seaboy's motion to sever was filed on February 6, 2006, three days before trial. That motion was considered at a hearing the same day; however, no written order was entered disposing of the motion until trial on February 9, 2006. Therefore, three additional days were excluded. However, because Seaboy's motion to excise the audio from a videotape was filed on the day of trial, that motion caused no delay, and it was not relevant to the 180-day calculation.

[¶11.] The second type of exclusion involved the period between the preliminary hearing and arraignment during which Seaboy obtained substitute counsel. In its findings of fact, the circuit court indicated that "Defendant changed attorneys from his court appointed counsel to the Tribal Public Defender between the time of the preliminary hearing and Defendant's arraignment on August 24, 2005." The circuit court additionally found that "good cause exist[ed] for delay in the amount of twenty-nine days between the preliminary hearing and the arraignment due to the Defendant's change in counsel."

[¶12.] However, unlike our cases that have excluded time to obtain substitute counsel, in this case there was no motion to withdraw or any showing that Seaboy's change of counsel caused a delay. Our basis for tolling the 180-day period in our prior cases was that the delay resulting from the change of counsel was caused by the defendant's conduct. *See, e.g.,* Hays v. Weber, 2002 SD 59, ¶ 18, 645 NW2d 591, 598 (holding good cause for an exclusion because the defendant refused to communicate with counsel and the delay was "directly attributable" to the

defendant); *Sparks*, 1999 SD 115, ¶ 6, 600 NW2d at 553 (stating time from defense counsel's motion to withdraw until alternate counsel was retained or appointed was excluded under the 180-day rule because the defendant's substitute counsel was out of state with a pending *pro hac vice* admission, and therefore, the delay "was attributable" to the defendant); *Webb*, 539 NW2d at 95 (holding defendant's failure to maintain contact with his counsel, thus necessitating a motion to withdraw, was good cause for delay existing until new counsel was appointed).

[¶13.]        Significantly, at the hearing on the motion to dismiss in this case, the State did not argue that the change of counsel caused *any* delay.  On the contrary, the State only relied on court calendar congestion.  This argument has been unequivocally rejected by this Court absent a showing of extraordinary circumstances.  State v. Ven Osdel, 462 NW2d 890, 891 (SD 1990); State v. Hoffman, 409 NW2d 373, 375 (SD 1987) (holding delay caused by a congested docket is generally attributable to the prosecution).  And, no showing of extraordinary circumstances was made here.

[¶14.]        It appears that the circuit court found good cause for a twenty-nine day delay *sua sponte* simply because Seaboy changed attorneys.  However, there is no finding or indication in the record why or when original counsel withdrew and new counsel appeared.  Moreover, the State has not argued that any part of the twenty-nine days can be attributed to Seaboy's substitution of counsel.[5]  Therefore,

---

5.    The State concedes the point in its brief:

> There is nothing in the record that indicates when
> Defendant requested a different attorney nor is there any
> indication in the record when Garvey took over as
> Defendant's counsel.  There is also nothing in the record

#24029

there is no evidence supporting a finding of good cause for delay for the period between the preliminary hearing and the arraignment.  If anything, it appears that defense counsel was substituted and the matter proceeded to the scheduled arraignment without any delay.  Therefore, the circuit court's finding that good cause existed for the twenty-nine day delay is unsupported by the evidence and is clearly erroneous.

[¶15.]        Considering the three allowable exclusions, the relevant timeline is as follows:

> July 12, 2005 - first appearance
> December 22 - defense motions filed (163rd day)
> December 29 - defense motions disposed (7 days tolled)
> February 6, 2006 - defense motion filed (202nd day)
> February 9 - defense motion disposed (3 days tolled)
> February 9 - trial (202nd day)

Because Seaboy was not brought to trial within 180 days of his initial appearance, the motion to dismiss should have been granted.

[¶16.]        Reversed.

[¶17.]        GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

that indicates whether the change of counsel delayed the arraignment.  The Roberts County State's Attorney did not produce any evidence to show that Defendant's change of counsel delayed the arraignment and the trial court's Findings did not cite any support in the record for the finding that the change of counsel caused the arraignment to be delayed.

Brief for Appellee at 9, State v. Seaboy, 2007 SD ___, ___ NW2d ____.