#24962-rev & rem-JKK

**2009 SD 41**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellant,

    v.

DOUG ANDREWS,                                            Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN L. BROWN
Judge

* * * *

LAWRENCE E. LONG
Attorney General

TODD A. LOVE
Assistant Attorney General                              Attorneys for plaintiff
Pierre, South Dakota                                    and appellant.

ROBERT VAN NORMAN of
Nooney, Solay & Van Norman, LLP                         Attorneys for defendant
Rapid City, South Dakota                                and appellee.

* * * *

ARGUED ON FEBRUARY 18, 2009
REASSIGNED MARCH 31, 2009

OPINION FILED **06/03/09**

KONENKAMP, Justice (on reassignment).

[¶1.] Defendant was indicted on multiple counts, but the State dismissed the indictment, only to later reindict him on essentially identical charges. Defendant moved to dismiss the subsequent indictment, claiming a violation of the 180-day rule. In granting the motion to dismiss, the circuit court calculated the 180 days from the date of defendant's appearance on the first indictment and, after excluding certain days, concluded that the 180-day rule had been violated. We reverse and remand because the State's dismissal was not an attempt to circumvent the 180-day rule; therefore, the time between the dismissal and defendant's appearance on the subsequent indictment should be tolled.

## Background

[¶2.] Doug Andrews (defendant) was indicted by a Hughes County Grand Jury on May 4, 2007. He was charged with seven counts of bribing a public officer, in violation of SDCL 22-12A-6, and one count of grand theft, in violation of SDCL 22-30A-1 and SDCL 22-30A-17. The grand jury also indicted Clayton Sonnenschein of seven counts of solicitation of a bribe by a public officer and one count of grand theft. Sonnenschein's and defendant's charges arose out of the same incidents. Both defendants made their initial appearances on May 7, 2007.

[¶3.] Over the next several months, defendant filed several motions. The circuit court addressed all outstanding defense motions at a joint motions hearing on August 1, 2007. After resolving these motions, the court discussed the issue of trial scheduling. The State requested that defendant's trial be set for a date after Sonnenschein's trial. Counsel for Sonnenschein indicated that he had a conflict

with the court's available date, November 26, and offered to give that date to defendant. Accordingly, the court set defendant's trial to start on November 26, 2007, and Sonnenschein's for February 2008.

[¶4.] On August 21, 2007, the State filed a notice of dismissal of the charges against defendant. In February 2008, under a plea agreement, Sonnenschein pleaded guilty to two counts of soliciting a bribe by a public officer and agreed to testify truthfully and fully at any future proceedings against defendant.

[¶5.] On April 22, 2008, defendant was indicted on six counts of bribing a public officer and one count of grand theft. The charges were identical to the previous indictment, less one charge for bribing a public officer. Defendant made an initial appearance on the new charges on May 1, 2008. Thereafter, he moved to dismiss the indictment, alleging that the 180-day rule under SDCL 23A-44-5.1 was violated. The circuit court examined the two-part test adopted by this Court, which provides that "[t]he 180-day period commences when the defendant has first appeared on the re-indictment if '(1) the earlier indictment was properly dismissed by a competent judicial officer and (2) the record does not reveal evidence of a prosecutorial attempt to circumvent the 180-day rule.'" State v. Karlen, 1999 SD 12, ¶12, 589 NW2d 594, 598 (citations omitted).

[¶6.] In concluding that the State violated the 180-day rule, the circuit court held that the first part of the test had not been met because the dismissal by the State of the earlier indictment was not a dismissal by a competent judicial officer. Therefore, it calculated the elapsed days as: 14 days as of August 21, 2007, plus 254 days from August 21, 2007, when the first indictment was dismissed, to May 1,

2008, when defendant first appeared on the second indictment. The court apparently deemed the second part of the test irrelevant. The State appeals contending that it did not violate the 180-day rule.[1]

**Analysis and Decision**

[¶7.]    Under our Supreme Court rule, a criminal defendant must be brought to trial within 180 days from the date the defendant "has first appeared before a judicial officer on an indictment, information or complaint." SDCL 23A-44-5.1(2). This rule excludes certain days from the 180-day computation.[2] A review of the

---

1.    "We review the determination of whether the 180 day period has expired as well as what constitutes good cause for delay under a de novo standard." State v. Sparks, 1999 SD 115, ¶5, 600 NW2d 550, 553 (citing State v. Pellegrino, 1998 SD 39, ¶23, 577 NW2d 590, 599; State v. Fowler, 1996 SD 79, ¶10, 552 NW2d 391, 393; State v. Cooper, 421 NW2d 67, 69 (SD 1988)).

2.    (4) The following periods shall be excluded in computing the time for trial:

   (a)  The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A-8-3; motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

   (b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel provided it is approved by the court and a written order filed. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent;

   (c) The period of delay resulting from a continuance granted by the court at the request of the prosecuting attorney if the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are

(continued . . .)

rule's list of exclusions, however, does not reveal whether a court should exclude the time between the dismissal of the original charge and the initial appearance on the recharged offense. Nonetheless, in *State v. Tiedeman,* this Court adopted a two-part test from Pennsylvania to determine the date from which the 180-day period begins to run when charges are dismissed and later refiled. 433 NW2d 237, 239 (SD 1988) (citing Commonwealth v. Davies, 492 A2d 1139, 1142 (PaSuperCt 1985)). The test provides:

> [T]he 180-day period begins to run anew upon reindictment if (1) the earlier indictment was properly dismissed by a competent judicial officer and (2) the record does not reveal evidence of a prosecutorial attempt to circumvent the 180-day rule.

State v. Lowther, 434 NW2d 747, 751 (SD 1989) (citing *Tiedeman*, 433 NW2d at 239); *see also* State v. Karlen, 1999 SD 12, ¶12, 589 NW2d 594, 598. The State bears the burden of satisfying both parts in order to have the 180-day count run anew from the first appearance on the refiled charges.

_____

(. . . continued)
    reasonable grounds to believe that such evidence will be available at the later date and provided a written order is filed;

(d) The period of delay resulting from the absence or unavailability of the defendant;

(e) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases the defendant shall be granted a severance so that he may be tried within the time limits applicable to him; and

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause. A motion for good cause need not be made within the one-hundred-eighty-day period.

SDCL 23A-44-5.1(4).

[¶8.]    The first part of the test requires the earlier indictment to have been properly dismissed by a competent judicial officer.  The State argues that it had the right to dismiss the initial charges against defendant and reindict him at a later date.  *See* SDCL 23A-44-2.  Relying on this right, the State insists that a prosecutor is a competent judicial officer for purposes of the two-part test.  Moreover, the State claims that because the prosecutor in *Karlen* dismissed the charges, and we found no violation of the 180-day rule, this Court recognized that a prosecutor is a competent judicial officer.

[¶9.]    In *Karlen*, we never specifically addressed whether a prosecutor qualifies as a competent judicial officer.  Looking to our statutes, however, it is clear that such cannot be the case.  SDCL 22-11-14 defines a judicial officer as "any referee, arbitrator, judge, hearing officer, or any other person authorized by law to hear or determine a controversy."  A prosecutor does not fit this definition because a prosecutor is defined as a "law enforcement officer . . . who is responsible for the prevention, detection, or prosecution of crimes. . . ."  SDCL 22-1-2(22).  Further, the 180-day period commences when a defendant appears "before a *judicial officer* on an indictment, information or complaint."  SDCL 23A-44-5.1(2) (emphasis added).  A defendant's appearance before a *prosecutor* cannot qualify as an appearance before a *judicial officer*.  Consequently, a prosecutor is not a judicial officer, and therefore, not a *competent* judicial officer; thus, the State has failed to satisfy the first part of the test.  Accordingly, the 180-day computation will not start to run anew upon the defendant's appearance on the second indictment.

[¶10.]     This does not end our inquiry, however.  Although the State failed to

satisfy the first part of the test, the second part is still applicable.  If the record

lacks any evidence that the State was attempting to circumvent the 180-day rule

when it dismissed the initial charges, the time period after the dismissal until the

first appearance on the recharge will be tolled.  *See* Commonwealth v. Thrapp, 1997

WL 1050722, at *14 (PaComPl 1997) (unpublished) (the "only requirement is an

absence on the record of any attempt by the [prosecution] to avoid the requirements

of the [180-day rule"); Commonwealth v. Navarro, 453 A2d 308, 309 (Pa 1982).  *See*

*generally* Commonwealth v. Leatherbury, 453 A2d 957, 958 (Pa 1982);

Commonwealth v. Johnson, 409 A2d 308, 311 (Pa 1979).  Tolling will be denied only

when "there is an obvious attempt to evade the requirements of [the 180-day rule]

through the use of [a voluntary dismissal]." *See Navarro*, 453 A2d at 309 (quoting

*Johnson*, 409 A2d at 311).

[¶11.]     Here, defendant points to nothing in the record, other than the

dismissal itself, to suggest that the State was trying to avoid the requirements of

the 180-day rule.  In fact, only 14 days of the allowed 180 days had been expended

in the first proceeding before it was dismissed.  In *Tiedeman*, this Court noted that

with 152 of the original 180 days remaining "it is difficult to envision a surreptitious

intent on [the prosecution's] part to secure the first dismissal of charges as a means

of avoiding the sanctions of the 180 day rule."  433 NW2d at 240.  In this case, there

were 166 days remaining at the time of the dismissal.  Absent any other on-the-

record indicia of intent to evade the 180-day rule, and with 166 days remaining, we

conclude as a matter of law that the State was not attempting to evade the rule. The subsequent indictment must be reinstated.

[¶12.]    Reversed and remanded.

[¶13.]    GILBERTSON, Chief Justice, and ZINTER, Justice, and STEELE, Retired Circuit Judge, concur.

[¶14.]    SABERS, Retired Justice, concurs in part and dissents in part.

[¶15.]    STEELE, Retired Circuit Judge, sitting for MEIERHENRY, Justice, disqualified.


SABERS, Retired Justice (concurring in part, dissenting in part).

[¶16.]    I concur with the Court's conclusion that the State failed to satisfy the first part of the test in that a prosecutor is not a competent judicial officer. However, I disagree with this Court analyzing and deciding the second part of the test, when the circuit court did not reach the issue. We have repeatedly declared that this Court will not pass on an issue not decided by the circuit court. *See, e.g., In re* GCC License Corp., 2001 SD 32, ¶22, 623 NW2d 474, 483; Steiner v. County of Marshall, 1997 SD 109, ¶27, 568 NW2d 627, 633; Matter of Guardianship of Petrik, 1996 SD 24, ¶11, 544 NW2d 388, 390; Fanning v. Iversen, 535 NW2d 770, 776 (SD 1995); Fullmer v. State Farm Ins. Co., 514 NW2d 861, 867 (SD 1994); Schull Const. Co. v. Koenig, 121 NW2d 559, 561 (SD 1963). The majority opinion ignores this well-established rule by deciding the issue instead of remanding to the circuit court to decide the issue, and I dissent.

[¶17.] Regarding whether to toll the days between withdrawal of the charges and recharging, the determination must "strike[ ] an equitable balance between society's interest in the effective prosecution of criminal cases and the defendant's right to a speedy trial." *Tiedeman*, 433 NW2d at 239. In coming to that conclusion, other factors, in addition to whether there is evidence of an attempt by the State to avoid the requirements of the speedy trial rule, should be considered. The circuit court should examine the causes for the withdrawal of charges to determine if the withdrawal occurred because of circumstances beyond the State's control or if the State sought to circumvent the rule. Moreover, the circuit court should consider whether, at the time the 180-day period would expire if not tolled, the State was exercising due diligence to prosecute the defendant. The circuit court should also consider whether the defendant remained in custody or, even if released, still endured a threat of criminal prosecution. Also important is whether the defendant encountered any adverse consequences, including disruption of employment, curtailment of associations, subjection to public obloquy, and the creation of anxiety, even though the initial charges were withdrawn. Additionally, the court should consider whether, after the initial charges were withdrawn, any new evidence developed leading to different charges being brought against the defendant, rather than the defendant being recharged with the same crime(s). Finally, the court should determine whether the State should have made a motion before the expiration of the 180 days to show good cause for further delay. *See* SDCL 23A-44-5.1(4)(f).

#24962

[¶18.]     The State is not free to eviscerate a defendant's right to a speedy trial by dismissing the current charges and recharging the defendant with the same charges based merely on prosecutorial convenience.  We cannot allow a mockery to be made out of the 180-day rule, and in effect destroy the very purpose underlying the rule.  *See* State v. Head, 469 NW2d 585, 590 (SD 1991) (Henderson, J., concurring specially).  Nonetheless, because the circuit court did not reach this portion of the test, the case should be remanded so the factors set forth above can be considered in determining whether to toll the time between withdrawal of the charges and the reindictment.